**Ernesto TAMEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 67298.**

Court of Criminal Appeals of Texas,
Panel No. 2.

May 27, 1981.

Rehearing Denied Sept. 23, 1981.

J. Manuel Banales, Corpus Christi, for appellant.

Thomas L. Bridges, Dist. Atty., and Joel B. Johnson, Asst. Dist. Atty., Sinton, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On August 30, 1979, appellant entered a guilty plea before the court to the offense of burglary of a building. His punishment was assessed at five (5) years' imprisonment and at a fine of $500.00. Sentence was imposed on the same day.[1] No notice of appeal was given, and the appellant was confined in the Department of Corrections.

---

1. The sentence made the express finding that in the commission of the burglary of a building offense no firearm or other deadly weapon was used or exhibited. Such finding should be made in the judgment in accordance with Article 42.12, § 3f(a)(2), V.A.C.C.P., rather than in the sentence.

On January 4, 1980, the trial court vacated the sentence and placed the appellant on "shock probation," subject to certain probationary conditions. See Article 42.12, § 3e(a) and (b), V.A.C.C.P.

On May 19, 1980, the State filed a motion to revoke probation alleging that the appellant had, on or about May 1, 1980, committed a penal offense and had knowingly associated with certain named individuals which appellant knew to be convicted felons in violation of his probationary conditions.

On July 3, 1980, the court conducted a hearing on said motion at the conclusion of which the court revoked probation on the grounds alleged. The court then re-sentenced the appellant. Notice of appeal was given.

On appeal appellant contends the court erred in denying his motion for discharge under Article 42.12, § 8(a), V.A.C.C.P., when the hearing on the State's motion to revoke was not heard within twenty (20) days of appellant's request for a speedy hearing. He further contends the court erred in refusing to give him credit on his sentence for the 120 days served in the Department of Corrections.

At the outset we are confronted with the question of whether under the circumstances the trial court properly invoked the provisions of Article 42.12, § 3e(a) and (b), supra, authorizing "shock probation," which reads:

"(a) For the purposes of this section, the jurisdiction of the courts in this state in which a sentence requiring confinement in the Texas Department of Corrections is imposed for conviction of a felony shall continue for 120 days from the date the execution of the sentence actually begins. After the expiration of 60 days but prior to the expiration of 120 days from the date the execution of the sentence actually begins, the judge of the court that imposed such sentence may, on his own motion or on written motion of the defendant, suspend further execution of the sentence imposed and place the defendant on probation under the terms and conditions of this article, if such sentence is otherwise eligible for probation under this article and prior to the execution of such sentence, the defendant had never been incarcerated in a penitentiary serving a sentence for a felony and in the opinion of the judge the defendant would not benefit from further incarceration in a penitentiary. Probation may be granted under this section only if the offense for which the defendant was sentenced was an offense other than criminal homicide, rape, or robbery.

"(b) When the defendant files a written motion requesting suspension by the court of further execution of the sentence and placement on probation, or when requested to do so by the judge, the clerk of the court shall request a copy of the defendant's record while incarcerated from the Texas Department of Corrections. Upon receipt of such request, the Texas Department of Corrections shall forward to the court, as soon as possible, a full and complete copy of the defendant's record while incarcerated.

The above quoted portion of Article 42.12, V.A.C.C.P., provides for "shock probation" under certain conditions. It extends for 120 days from the date the sentence actually begins the jurisdiction of trial courts over felony sentences which require confinement in the Department of Corrections. It provides only after the expiration of 60 days from the date on which the execution of the sentence actually commences the court on its own motion or the motion of the defendant may grant "shock probation" with certain exceptions. At such time the defendant's record will be available to the court before acting on said motion.

In the instant case, the appellant applied for probation prior to his plea of guilty before the court. There was no specific request for "shock probation." In imposing the original sentence on August 30, 1979, the court, however, granted "shock probation" prematurely and before it had jurisdiction to do so. The formal sentence noted the punishment had been assessed at five years' imprisonment and a fine of $500.00, but the indeterminate sentence law (Article 42.09, V.A.C.C.P.) was not applied. Further, the sentence only ordered confinement

in the Department of Corrections for not less than 60 days nor more than 120 days "in accordance with Article 42.12, § 3e(a), Texas Code of Criminal Procedure . . . . "[2] Such period of confinement was thus vague and uncertain and the sentence certainly was not in accordance with the cited § 3e(a) or other statutes.

Further, it is observed that when the court actually sought to place the appellant on shock probation it was January 4, 1980, after the expiration of the 120 days provided by Article 42.12, § 3e(a), supra, and after it had lost jurisdiction to do so. *Adams v. State*, 610 S.W.2d 780 (Tex.Cr.App.1981); *Houlihan v. State*, 579 S.W.2d 213, 219 (Tex. Cr.App.1979). There further appears no

**2.** Article 42.12, § 3f(b), V.A.C.C.P., provides:

"(b) If there is an affirmative finding that the defendant convicted of a felony of the second degree or higher used or exhibited a firearm during the commission or flight from commission of the offense and the defendant is granted probation, the court may order the defendant confined in the Texas Department of Corrections for not less than 60 and not more than 120 days. At any time after the defendant has served 60 days in the custody of the Department of Corrections, the sentencing judge, on his own motion or on motion of the defendant, may order the defendant released to probation. The Department of Corrections shall release the defendant to probation after he has served 120 days."

In *Ex parte Eden*, 583 S.W.2d 632 (Tex.Cr. App.1979), the court noted that an order under said § 3f(b) for confinement in the Department of Corrections is not a judgment to be carried into execution as is a sentence.

If it could be argued that the trial judge in the instant case was attempting to utilize § 3f(b), we conclude the argument would be without merit. While the offense here (burglary of a building) was a second degree felony, there was an express finding in the sentence that a firearm or other deadly weapon was not used during the commission of the offense (see footnote # 1, supra) which would prevent § 3f(b) from coming into play. Further, the court in the sentence expressly stated it was utilizing § 3e(a), supra.

**3.** Some confusion may exist between the requirement of Article 42.12, § 3, V.A.C.C.P., that in granting probation the court should suspend the imposition of the sentence, and the specific requirement of § 3e(a) relating to "shock probation" that the court shall suspend the "further execution of the sentence imposed . . . ."

motion for "shock probation" by the appellant or by the court within 60 days after commencement of the execution of the sentence on August 30, 1979 and prior to expiration of the 120 days.

The court, in taking such action 126 days after the commencement of the execution of the sentence, did not suspend the further execution of the sentence as provided in said § 3e(a), but entered an order vacating the sentence, suspending the imposition of the sentence, and placing the appellant on probation. Following the revocation of probation, the court re-sentenced the appellant on July 3, 1980. This was not the procedure that should have been followed.[3] At the time of the second sentence the court gave

Article IV, § 11–A of the Texas Constitution in authorizing courts having original jurisdiction of criminal actions to grant leniency in the form of probation provided that the courts could do so after conviction by suspending the imposition or execution of the sentence.

The first enabling statute (Article 781b, V.A. C.C.P., 1925, as enacted in 1947) and its successor (Article 781d, V.A.C.C.P., 1925, as enacted in 1957) provided in accordance with the constitutional language that courts could use either method of granting probation. Where the suspension of the imposition of the sentence method was used, the court would assess punishment and enter judgment placing the defendant on probation. No sentence was then imposed. If the defendant was successful on probation, the court would terminate the same and set aside the judgment and the indictment. No sentence under the circumstances would ever be used. Where, however, probation was revoked, sentence would be entered for the first time after revocation.

Where the other method was used, the court would enter judgment and pronounce sentence and then suspend the execution or the carrying out of the sentence and place the defendant on probation. If there was a revocation of probation, the court would then withdraw the order suspending the execution of the sentence. The sentence previously announced would then be carried out. There would be no re-sentencing. This method, widely used by the courts, resulted in more paper work than the first method and presented some problems on any subsequent cumulation of sentences. See and cf. *Anderson v. State*, 421 S.W.2d 667 (Tex.Cr. App.1967).

In *Ex parte Minor*, 319 S.W.2d 114 (Tex.Cr. App.1959), for example, the trial judge utilized the suspension of the execution of the sentence method of granting probation to Minor in 1954. Upon revocation of probation in 1955, the court

the appellant credit back to March 2, 1980 for jail time, but refused to give the appellant credit for 120 days spent in the Department of Corrections.

■ It is clear that the trial court attempted to grant "shock probation," but did so prematurely when it was without authority to do so, and that when it actually sought to place the appellant on "shock probation" 126 days had elapsed since the commencement of the execution of the sentence and the court was without jurisdiction to take such authority. *Adams v. State,* supra.

The appellant was never legally on "shock probation," and therefore is not in a position to complain of matters in connection with the revocation thereof. See *Popham v. State,* 154 Tex.Cr.R. 529, 228 S.W.2d 857 (1950); *Hartley v. State,* 169 Tex.Cr.R. 341, 334 S.W.2d 287 (1960); *Tritt v. State,* 379 S.W.2d 919 (Tex.Cr.App.1964) (Opinion on Appellant's Motion for Rehearing); *Branch v. State,* 477 S.W.2d 893, 896 (Tex. Cr.App.1972). Appellant's contention that the court erred in denying his motion for discharge under Article 42.12, § 8(a), V.A.C. C.P., is therefore without merit.[4]

■ The court being authorized only to suspend the further execution of the sentence when granting "shock probation," Article 42.12, § 3e(a), supra, the court was

---

attempted to re-sentence the defendant and at that same time attempted to cumulate such sentences with other outstanding sentences imposed while the defendant was on probation.

In holding the cumulation order void, this court said:

"When the term of court adjourned at which the 1954 sentence was imposed, the trial court lost all power to alter, change or amend the same, and the only order he could enter was to revoke it (probation). He could not add further conditions to such sentence which were not, and under the facts could not have been, a part of such sentence at the time it was imposed." See also *Ex parte March,* 423 S.W.2d 916, 918 (Tex.Cr.App. 1968), and cases there cited.

In *Minor* this court was careful to point out it was not dealing with a case where the imposition of sentence was suspended when the probation was granted. When such method is used, the court is free, following revocation, and when imposing sentence for the first time to cumulate the sentence with prior outstanding sentences. *Ex parte March,* supra.

In enacting Article 42.12, § 3, V.A.C.C.P., 1965, the Legislature, undoubtedly to promote uniformity and to avoid questions on cumulation of sentences, provided only for the granting of probation by the suspension of the imposition of the sentence method. *Nealy v. State,* 500 S.W.2d 122 (Tex.Cr.App.1973); *Clapper v. State,* 562 S.W.2d 250 (Tex.Cr.App.1978).

When, however, § 3e(a) and (b), were added to Article 42.12, V.A.C.C.P., providing for "shock probation," it was obvious that the suspension of the execution of the sentence method would have to be restored since a defendant granted "shock probation" would be in the Department of Corrections under sentence when the motion for probation is considered. The Legislature so provided for such restoration, but limited it to "shock probation" cases under § 3e(a) of Article 42.12, supra. Thus, it is not

necessary to set aside the sentence in order to grant "shock probation."

4. Even if appellant's contention was properly before us, it is not meritorious.

On July 3, 1980, prior to the revocation hearing, the appellant filed a motion to be discharged because of the lack of a speedy hearing. In support of the same, appellant's counsel introduced a letter to the district clerk dated June 9, 1980, which counsel stated he had hand delivered on the same date.

The letter reads:

"Dear Mrs. Light:

"Please list me as attorney of record for Ernesto Tamez, who is presently in the San Patricio County Jail on a Motion to Revoke his Probation. Moreover, please set this cause down for a hearing at your earliest possible time.

"Sincerely yours,

/s/ J. Manuel Banales."

Counsel stated to the court copies of the letter had been delivered to the adult probation officer and the assistant district attorney. The letter was addressed and delivered to the clerk and not the judge and there was no request that it be filed and it was not. There is no showing that the letter, which makes no reference to Article 42.12, § 8(a), supra, or the 20-day period involved was ever called to the trial judge's attention nor was there any showing that any effort was made to obtain a setting from the trial court. Article 33.08, V.A.C.C.P., provides:

"The district courts and county courts shall have control of their respective dockets as to the settings of criminal cases."

The letter addressed to the district clerk, who does not control the dockets or make settings, was not sufficient to constitute a motion to the court as contemplated by Article 42.12, § 8(a), supra, under the circumstances here presented.

without authority to vacate the sentence of August 30, 1979. Therefore said sentence is reinstated and the sentence of July 3, 1980 is set aside. The appellant served 120 days in the Department of Corrections and is clearly entitled to credit on the sentence for that time. See and cf. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). He is also entitled to credit on said sentence for the jail time which the court awarded him—being 124 days.[5] He is not entitled to credit on his sentence for the time he was on probation. *Adams v. State*, supra. And he is not entitled to credit on his sentence for time in which he has been out of custody on appeal bond. *Ex parte Allen*, 548 S.W.2d 905 (Tex. Cr.App.1977).

The judgment is in need of reform to show the imposition of the $500.00 fine which was imposed as part of the penalty but which is not reflected in the judgment. The judgment is so reformed. The reinstated sentence is so reformed so as to apply the indeterminate sentence law and to show that appellant is confined for not less than two nor more than five years, and to eliminate therefrom any reference to confinement for not less than 60 nor more than 120 days. The sentence of August 30, 1979 is so reformed. Where the Court of Criminal Appeals has the necessary data and evidence before it for reformation, a judgment and sentence may be reformed on appeal. *Knight v. State*, 581 S.W.2d 692 (Tex.Cr. App.1979).

For reasons stated, the judgment as reformed is affirmed. A copy of this opinion shall be furnished the Department of Corrections.

---

**5.** It is here observed that the date the sentence is pronounced is the date of the sentence. This does not change. When credit for jail time, etc., is given, such credit should be reflected in the sentence, but the sentence is not backdated

or ordered to begin operating on a date different than that of the date of the imposition of sentence. *See Ex parte Griffith*, 457 S.W.2d 60 (Tex.Cr.App.1970); Attorney General's Opinion C–234 (March 31, 1964).