**Ex parte Robert Allen BITTIKOFFER, Applicant.**

No. 71103.

Court of Criminal Appeals of Texas, En Banc.

Jan. 30, 1991.

Robert McCrarey, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Cynthia A. Burgess, Asst. Dist. Atty., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

OPINION

OVERSTREET, Judge.

Applicant was indicted for burglary of a habitation, burglary of a vehicle, and two counts of unauthorized use of a motor vehicle. He entered a plea bargain agreement which called for him to complete the Special Alternative to Incarceration Program (SAIP), which is known as the Texas Department of Criminal Justice's "boot camp" program. Upon successful completion of the program, he was to be placed on probation. Applicant successfully completed his SAIP program. However, the trial court lost jurisdiction and could not administer the rest of the plea agreement. Applicant now wants his guilty pleas set aside.

Article 42.12, § 8(a), V.A.C.C.P., states that after seventy five days, but before ninety days, from the date the SAIP sentence begins, the judge that imposed the sentence may suspend further execution of the sentence and place the defendant on probation. The trial court was unable to hold a hearing before the ninety day deadline. Consequently, the trial lost jurisdiction and could not place applicant on probation.

The trial court found that the loss of jurisdiction was not the fault of the applicant or his attorney. The trial court also found that applicant's guilty plea was involuntary because the terms of plea bargain agreement could not be fulfilled. The state agrees that the relief sought is proper.

The judgments and sentences in Cause Nos.    C–297–1585–0378302–0380998–0381725–0382070 are vacated and the causes remanded to the trial court.