Regina Denise Lyon KING, Appellant,

v.

STATE of Texas, Appellee.

No. 11–95–117–CR.

Court of Appeals of Texas, Eastland.

Feb. 20, 1997.

---

Larry Finstrom, Dallas, for appellant.

John C. Vance, District Attorney, Sue Koroith, Dallas, for appellee.

Before ARNOT, C.J., and DICKENSON, J., and McCLOUD, Senior Justice.*

OPINION

ARNOT, Chief Justice.

This is an appeal from an order revoking "shock probation." A central issue in this appeal is the distinction between "shock probation" under TEX.CODE CRIM.PRO.ANN. art. 42.12, § 6 (Vernon Supp.1997) and "regular probation" under TEX.CODE CRIM. PRO.ANN. art. 42.12, § 3 (Vernon Supp. 1997).[1] Since her conviction in 1983, Article 42.12 has been amended numerous times, and probation is now referred to as community supervision. All statutory references in the body of this opinion are to the current subsections of Article 42.12 with historical references in footnotes. We affirm the order of the trial court.

On June 9, 1983, Regina Denise Lyon King pleaded guilty to the charge of burglary of a habitation, a first degree felony. The trial court convicted King; and, subject to a plea bargain agreement, King received a 6-year sentence, the imposition of which was probated for 6 years.

On August 31, 1987, the State filed a motion to revoke King's probation, alleging that King had failed to report to her probation officer, had failed to pay her probation fee, and had failed to make her scheduled payment for restitution for the months from June of 1983 through August of 1987. On September 2, 1987, the trial court revoked King's probation and sentenced King to 6 years in the Texas Department of Corrections.

King applied for "shock probation" pursuant to Section 6(a)[2] which the trial court granted on December 11, 1987. The trial court suspended the execution of sentence and placed King on community supervision for 5 years.

On September 21, 1988, the State filed a motion to revoke King's "shock probation" for failure to report and for failure to pay the scheduled amounts for the months of June, July, and August of 1988. King's "shock probation" was revoked on December 14, 1988. On January 27, 1989, without a hearing, the court granted a second "shock probation," suspended the execution of sentence, and placed King on community supervision for 7 years.

On November 10, 1994, a motion to revoke King's second "shock probation" was filed because King had failed to report and had failed to make her scheduled payments for the months of August, September, and November of 1994. The court revoked King's probation on February 16, 1995, and ordered the reinstatement of the execution of the sentence of five years confinement. It is from this last order that King appeals.

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. TEX.CODE CRIM.PRO.ANN. art 42.12 (Vernon 1979 & Supp.1997).

2. Formerly located at TEX.CODE CRIM.PRO. art 42.12, § 3e (1987).

■ In her first point of error, King complains that the trial court was without jurisdiction to revoke her probation on February 16, 1995. King urges that, when the court ordered 5 years probation on December 11, 1987, in addition to the 6 years of probation that it had ordered on June 9, 1983, the court in effect extended her probation for 11 years and exceeded the maximum 10–year limit as provided by Section 3(b).[3] We disagree with this position. King has confused "regular probation" with "shock probation."

"Regular probation" suspends the imposition of the sentence. Section 3(a); *Wiltz v. State,* 863 S.W.2d 463 (Tex.Cr.App.1993); *Gates v. State,* 696 S.W.2d 671, 673 (Tex. App.–Dallas 1985, no pet'n). In contrast, "shock probation" suspends the execution of the sentence. Section 6(a); *Tamez v. State,* 620 S.W.2d 586 (Tex.Cr.App.1981).

The trial court, in the best interest of justice, may suspend the imposition of the sentence and place the defendant on community supervision after a plea of guilty. Section 3(a). In a felony case, the maximum period of community supervision is ten years. Section 3(b). The trial court may increase the maximum period of community supervision in the manner provided by Section 22(c).

After a hearing on a violation of the conditions of community supervision, the trial court may impose certain additional conditions to continue probation, including an increase in the period of time of community supervision. Sections 21, 22(a)(1) & (2). The trial court may extend the period of community supervision as often as the trial court determines is necessary but in no case may the period of community supervision in a first degree felony exceed 10 years. Section 22(c).

■ Upon hearing the motion to revoke, the trial court can elect to continue or modify the terms of the community supervision. However, if the trial court decides to revoke the probation, then sentence is imposed and "regular probation" is no longer available. The only probation available to the trial court after imposition of the sentence is "shock probation" which is authorized in Section 6(a). Section 6(a) states:

> Before the expiration of 180 days from the date the execution of the sentence actually begins, the judge of the court that imposed such sentence may ... suspend further execution of the sentence and place the defendant on community supervision under the terms and conditions of this article.

It is this last phrase, "under the terms and conditions of this article," that King contends limits the trial court to the ten-year restriction as the length of time for probation for felonies. We agree that the trial court is limited to ten years for community supervision for felonies under "shock probation." However, the time ordered under "shock probation" is not to be added to the time ordered under "regular probation." Had the trial court in this case extended King's probation on September 2, 1987, then the trial court could not have extended the probation beyond June 6, 1993, or ten years from the original probation. It is clear from the record that the trial court did not extend King's probation on September 2, 1987.[4] It revoked her probation and sentenced her to 6 years in the penitentiary. When the court sentenced

---

3. Formerly located at TEX.CODE CRIM.PRO. art. 42.12, § 3 (1987).

4. At the plea to jurisdiction hearing on December 15, 1994, the following exchange took place:
   [King's Attorney]: Because she was placed on probation in September of 1983. The maximum jurisdiction of the Court is September of 1993. She's on for a six year probation. The violations that occurred in 1987 the Court sentenced her to an additional five year probation one day after the law was changed only allowing the Court to increase her probation by one year.
   [The Court]: Sir, that's not what happened. I sent this woman to the penitentiary.

   [King's Attorney]: I understand that.
   [The Court]: And, then, subsequently, I shocked her.
On the probation revocation hearing on February 16, 1995, the following exchange took place:
   [Kings's Attorney]: And it's our position that when it was extended for five years, that in fact that extension was void and that her probation—
   [The Court]: I'll submit to you that I didn't extend probation. I sentenced her to the penitentiary.
   Subsequent to that, in the interest of justice, I decided to shock her and terminate that sentence.

King on September 2, 1987, her "regular probation" was over. King's first point of error is overruled.

In her second point of error, King argues that the trial court erred in extending her probation for five years in its order of "shock probation" on December 11, 1987, because the procedure in effect on that date only allowed the court to extend King's probation for one year. Again, we disagree with King's interpretation of the trial court's action.

Addressing the applicable law at the time of the hearing, King notes that Article 42.12, section 8, amended by adding subsection (d), provided: [5]

> [I]f the court, after a hearing on a motion to revoke probation, finds that the defendant has violated one or more of the conditions of probation other than the commission of a felony offense, the court may punish the defendant by extending the period of probation instead of revoking probation. Probation may be extended under this subsection for a period not to exceed *one year* for a felony probation.... The total period of probation, including any extensions imposed under this subsection, may not exceed 10 years for a felony offense. (Emphasis added)

The above article is a restriction on the court's extension of "regular probation." It does not apply in this case because the court did not extend King's "regular probation." The court's action on December 11, 1987, was a grant of "shock probation," not an extension of "regular probation." King's second point of error is overruled.

In her third point of error, King argues that the trial court's second order of "shock probation" of January 27, 1989, was void. On January 27, 1989, the trial court on its own motion granted King "shock probation" and ordered seven years of community supervision. Both the State and King acknowledge that King did not qualify for "shock probation" and that the trial court erred in placing her on probation. See Section 6(a)(1) & (2).[6] However, King cannot complain that she was improperly granted probation. As the court held in *Tamez v. State, supra,* that, if probation is improperly granted, then appellant cannot thereafter complain of error in the revocation of that probation. King's third point of error is overruled.

In her fourth point of error, King complains that the trial court erred in imposing a greater sentence after revoking her probation than was originally assessed. On June 9, 1983, appellant was originally assessed a 6-year sentence for a first degree felony. On February 16, 1995, King's "shock probation" was revoked, and she was sentenced to 5 years with credit for the time she had earlier served. Consequently, a greater sentence has not been imposed than was originally assessed. See *Weed v. State,* 891 S.W.2d 22 (Tex.App.–Fort Worth 1995, no pet'n).

Rather, King complains that on January 27, 1989, after King's second order of "shock probation," the court placed King on seven years probation and that this probation was greater than the six years King received on "regular probation" on June 9, 1983. Again, King cannot complain that she was improperly granted probation. *Tamez v. State, supra.* King's fourth point of error is overruled.

It does seem rather severe that King would be sentenced in 1995 for 5 years to the penitentiary for a crime for which she was originally sentenced in 1983, some 12 years earlier. However, regardless of her attorney's impassioned plea for leniency, King was given several opportunities to serve out this sentence on community supervision. Although King's revocations were based on her constant failure to report, non-criminal violations of the terms of her community supervision, King's community supervision is a contract with the trial court who is in the best position to grant relief. *Flournoy v. State,* 589 S.W.2d 705 (Tex.Cr.App.1979); *Beck-*

---

**5.** Act of Feb. 17, 1987, 70th Leg., R.S., ch. 1, § 6, 1987 Tex.Gen.Laws 7 (to be codified as an amendment to TEX.CODE CRIM.PRO. art. 42.12, § 8(d)).

**6.** Formerly located at TEX.CODE CRIM.PRO. art 42.12, § 3e (1989).

*worth v. State,* 551 S.W.2d 414 (Tex.Cr.App. 1977).

Finding no abuse of discretion, the order of the trial court is affirmed.