**Cornell RICE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–92–01781–CR.**

Court of Appeals of Texas,
Dallas.

Dec. 11, 1997.

Mark C. Stoltz, Dallas, Cornell Rice, Livingston, for appellant.

Juan Suarez, John Rolater, Jr., Asst. Dist. Attys., Dallas, for state.

Before THOMAS, C.J., and KINKEADE and MORRIS, JJ.

**OPINION**

MORRIS, Justice.

In this case, Cornell Rice appeals the trial court's order revoking his shock probation. In one point of error, appellant contends that the trial court erroneously revoked his shock probation because he failed to do something he was not required to do as a condition of his probation. The State responds that appellant is precluded from complaining about the revocation order because he was never legally on probation. We agree the order placing appellant on shock probation is void. As a result, appellant may not complain about his probation revocation. We set aside both the order placing appellant on shock probation and the order revoking his shock probation. We further conclude that appellant should remain confined pursuant to the trial court's original January 9, 1990 judgment.

**Background**

On or about August 24, 1989, appellant committed the offense of unlawful possession

of a controlled substance with the intent to deliver. Appellant pleaded guilty pursuant to a plea bargain agreement. In accordance with the agreement, on September 8, 1989, the trial court deferred adjudicating appellant's guilt, fined appellant $1000, and placed him on probation for ten years.

Later, on January 9, 1990, the trial court adjudicated appellant guilty, sentenced appellant to ten years' confinement, and ordered the sentence to begin January 9, 1990. The January 9, 1990 judgment also provided that appellant was to participate in the Special Alternative Incarceration Program pursuant to section 3h of article 42.12 of the Texas Code of Criminal Procedure. Act of June 1, 1987, 70th Leg., R.S., ch. 1049, § 54, 1987 Tex. Gen. Laws 3517, 3539, *amended by* Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3502 (recodified as section 8 of article 42.12; effective September 1, 1989), *amended by* Act of May 21, 1991, 72d Leg., R.S., ch. 343, § 1, 1991 Tex. Gen. Laws 1389, 1390 (effective August 26, 1991), *amended by* Act of May 29, 1993, 73d Leg., R.S., § 4.01, 1993 Tex. Gen. Laws 3586, 3721 (name changed from "Alternative Incarceration Probation" to "State Boot Camp Program"; effective September 1, 1993) (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12, § 8 (Vernon Supp. 1997)). This program is commonly referred to as "boot camp."

On July 23, 1990, the trial court suspended execution of the remainder of appellant's sentence and placed him on probation pursuant to section 3e of article 42.12 of the Texas Code of Criminal Procedure. July 23, 1990 was 195 days after January 9, 1990, which was the day appellant's sentence began. The order recites that the trial court heard appellant's motion for probation under section 3e of article 42.12 of the Texas Code of Criminal Procedure. Our record does not, however, contain appellant's motion.

On July 1, 1992, the State filed a motion to revoke probation. The motion alleged that appellant violated condition (d) of the terms of his probation. The motion incorrectly alleged that appellant was required to report to the probation officer on a weekly basis. In fact, condition (d) of the order of proba-tion only required appellant to report to the probation officer on a monthly basis.

The State also alleged that appellant violated condition (n) of his probation, which would have required appellant to perform 2000 hours of community service restitution. The trial court's order placing appellant on probation, however, did not contain a condition (n). Furthermore, none of appellant's other conditions required him to perform community service restitution.

On July 10, 1992, the trial court signed a "Judgment Revoking Probation." As the basis for revoking appellant's shock probation, the judgment simply referred to the violations alleged in the State's July 1, 1992 motion to revoke. The July 10, 1992 order recited that appellant's original punishment was ten years' confinement, reassessed punishment at ten years' confinement, and ordered appellant's sentence to begin on July 10, 1992.

### Discussion

In one point of error, appellant contends that the trial court erred in revoking his shock probation. Appellant argues that the trial court revoked his probation for not reporting weekly and not performing community service as alleged in the State's motion to revoke. Appellant contends that these were not conditions of his probation. He claims that the trial court erred by revoking his probation for his failure to do something he was not required to do. *See Ivy v. State,* 545 S.W.2d 827, 829 (Tex.Crim.App.1977).

The State responds that the trial court signed its order placing appellant on probation after the expiration of its jurisdiction. The State argues that the trial court's July 23, 1990 probation order is void. *See State v. McDonald,* 642 S.W.2d 492, 493 (Tex.Crim. App.1982) (orig.proceeding). Because appellant was never legally on shock probation, the State further concludes that appellant cannot now complain about its revocation. *See Tamez v. State,* 620 S.W.2d 586, 589 (Tex.Crim.App. [Panel Op.] 1981).

The trial court had two means by which it could have placed appellant on probation after imposing his sentence. The first means

was found under the boot camp provision. The second was under the shock probation provision. We address each in turn.

Under the boot camp provision, the trial court can suspend the execution of a defendant's sentence and place the defendant on probation, provided the trial court does so "[a]fter the expiration of 75 days but prior to the expiration of 90 days from the date the execution of the sentence actually begins." Act of June 1, 1987, 70th Leg., R.S., ch. 1049, § 54, 1987 Tex. Gen. Laws 3517, 3539 (jurisdictional timetables run "from the date the execution of the sentence actually begins"), *amended by* Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3502 (recodified as section 8 of article 42.12; no substantive change; effective September 1, 1989), *amended by* Act of May 21, 1991, 72d Leg., R.S., ch. 343, § 1, 1991 Tex. Gen. Laws 1389, 1390 (jurisdictional timetables run from "date on which the convicted person is received into custody by the institutional division" instead of from the date "the execution of the sentence actually begins"; effective August 26, 1991), *amended by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3721 (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12, § 8 (Vernon Supp.1997)). However, if the trial court places a defendant on probation pursuant to the boot camp provision, it has to "clearly indicate" that it is not "retaining jurisdiction over the defendant for the purposes of Section 3e of this article." *Id.*

"Section 3e" refers to section 3e of article 42.12 of the Texas Code of Criminal Procedure. Act of May 21, 1985, 69th Leg., R.S., ch. 427, § 1, 1985 Tex. Gen. Laws 1531, 1534, *amended by* Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3501 (recodified as section 6 of article 42.12; effective September 1, 1989), *amended by* May 29, 1993, 73d Leg., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3720 (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12, § 6 (Vernon Supp.1997)). This provision is commonly referred to as "shock probation." Under the shock probation provision, the trial court loses its jurisdiction to place a defendant on probation 180 days from

the date the execution of the sentence actually begins. *Id.*

■ Although the trial court sent appellant to boot camp, its July 23, 1990 probation order did not place appellant on probation pursuant to the boot camp provision. It expressly relied on the shock probation provision. Therefore, the boot camp provision is not applicable.

■ Because the July 23, 1990 order expressly placed appellant on probation pursuant to the shock probation provision, we apply it. We agree with the State that appellant's sentence began January 9, 1990. *See McDonald,* 642 S.W.2d at 494; *Patton v. State,* 721 S.W.2d 885, 886–87 (Tex. App.—Dallas 1986, no pet.). We also agree with the State that July 23, 1990 was more than 180 days after January 9, 1990. We conclude, therefore, that the July 23, 1990 order placing appellant on probation is void. *See McDonald,* 642 S.W.2d at 494; *Patton,* 721 S.W.2d at 887. Because appellant was never legally on shock probation, he cannot complain of matters pertaining to its revocation. *Tamez,* 620 S.W.2d at 589.

Having concluded that the July 23, 1990 probation order is void, we next address the State's argument that this Court should set aside the trial court's July 10, 1992 judgment revoking probation and reinstate the trial court's January 9, 1990 judgment. *See id.* at 590. The State relies on *Tamez,* which we find instructive.

In *Tamez,* the trial court sentenced Tamez to a term of confinement. *Id.* at 586. It later vacated that sentence and placed Tamez on shock probation after it had lost jurisdiction to do so. *Id.* at 588. The trial court then revoked the shock probation and, in the same order, resentenced Tamez to a term of years. Tamez appealed the revocation of his shock probation.

The court of criminal appeals concluded Tamez was never legally on shock probation in the first place. It set aside the revocation and resentencing order and then reinstated the original term of confinement that the trial court had previously vacated when it placed Tamez on shock probation. *Id.* at 590. The court then calculated the credit

Tamez was entitled to receive against his sentence.

■ We note that the court in *Tamez* did not expressly set aside the void order for shock probation. We do so here for purposes of clarity. The court in *Tamez* did set aside the sentence stated in the trial court's probation revocation order. We too set aside the trial court's July 10, 1992 probation revocation order that, in addition to revoking appellant's shock probation, sentenced appellant to ten years' confinement and ordered his sentence to begin July 10, 1992. We need not reinstate the trial court's original January 9, 1990 judgment, however, because the trial court never vacated it. It remains the trial court's final judgment.

Pursuant to the January 9, 1990 judgment, appellant received a ten-year sentence. Because ten years have not elapsed since appellant's sentence began under that judgment, we order that appellant remain incarcerated. Appellant has not raised any issue relating to any credit he might be entitled to receive against his sentence. Therefore, we do not address that question.