**In re George Oliver HALL, III.**

**No. 10–99–015–CR.**

Court of Appeals of Texas, Waco.

Feb. 10, 1999.

Michael W. McDonald, Martin, Showers, Smith & McDonald, Hillsboro, for Relator.

F.B. (Bob) McGregor, Jr., Judge, 66th District Court, Hillsboro, for Respondent.

Before Chief Justice DAVIS, Justice VANCE and Justice GRAY.

## OPINION

PER CURIAM.

Is an order suspending a sentence to "boot camp" and placing a defendant on probation void if the order was entered while the court had jurisdiction but was entered outside the narrow 75– to 90–day range provided by statute? We believe that the order is void.

## PROCEDURAL FACTS

George Oliver Hall, III was arrested on December 16, 1996. Under a plea agreement, he pled guilty to a felony and was sentenced to two years in prison on September 14, 1998. The court's order recommended that Hall be placed in the Special Alternative Incarceration Program ("SAIP"), commonly known as "boot camp." Tex.Code Crim. Proc. Ann. art. 42.12, § 8 (Vernon Supp.1999). Because Hall had been incarcerated since his arrest in 1996, he was given 637 days credit for time served.

Hall was received into the custody of the Texas Department of Criminal Justice ("TDCJ") on September 29, 1998. Respondent, the judge of the sentencing court, received a letter from TDCJ on November 19, 1998, informing him that Hall had been found guilty of a major disciplinary violation and was ineligible to continue in the boot camp program. The letter notified Respondent that Hall would be transferred to an appropriate TDCJ unit within 12 days.

On November 23, Respondent issued a bench warrant for Hall's return to Hill County. On December 4, Hall appeared [1] before Respondent, who entered an order on December 8 entitled "Order Granting Felony Probation After Release From Boot Camp." The order suspended the imposition of Hall's sentence, placed him on probation for two years, and stated that Hall should be de-

tained until the first opening in a TDCJ substance abuse felony punishment facility, where he should remain for six months to one year.[2]

On December 30, Hall filed a motion for new trial and writ of habeas corpus asserting that the court's hearing on December 4 had been outside the 75– to 90–day window specified in the boot camp statute. *Id.* That same day, without a hearing, the court entered a "Nunc Pro Tunc Order Granting Felony Probation After Becoming Ineligible For Special Alternative to Incarceration (SAIP–TDCJ–ID) Program."

Hall filed a second Motion for New Trial on January 5 complaining that the court's order was not authorized under the only two possible provisions of article 42.12: shock probation or boot camp. *Id.* art. 42.12, §§ 6, 8 (Vernon Supp.1999). After a hearing on January 6, the court denied Hall's motion for new trial.

Hall was delivered into TDCJ custody for the SAFP program and remains incarcerated. He filed this mandamus action on January 19, asking us to declare void the orders of December 8th and 30th, to order Respondent to find that he has completely discharged his sentence, and to order Respondent to release him from custody.

## ARTICLE 42.12

Once the trial court has imposed a prison sentence, it has only two methods to later suspend that sentence and place a defendant on probation. Both methods are found in article 42.12 of the Code of Criminal Procedure. *Id.*

SHOCK PROBATION

First, "shock probation" is provided by section 6 of article 42.12. *Id.* § 6. After sentencing a defendant to prison, the court retains jurisdiction for 180 days after the sentence actually begins. Before the expiration of those 180 days, the judge of the sentencing court may suspend further execu-

---

1. Both Hall's attorney and the district attorney state that they were not present. Respondent confirmed this at the hearing on January 6.

2. The "Substance Abuse Felony Program" ("SAFP") provides that a court placing a defen-

dant on community supervision may require that a defendant serve a portion of the time in a TDCJ substance abuse treatment facility. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 14 (Vernon Supp. 1999).

tion of the sentence and place the defendant on community supervision. A defendant is not eligible for shock probation if he has previously served prison time for a felony.

The State concedes that Hall had previously been convicted of a felony, had served prison time, and therefore was not eligible for shock probation.

STATE BOOT CAMP PROGRAM

Second, "boot camp" is provided by section 8 of article 42.12. *Id.* § 8. The sentencing court's jurisdiction "shall continue for 90 days" from the date the defendant is received into TDCJ custody. The statute further provides:

> After the expiration of 75 days but prior to the expiration of 90 days from the date on which the convicted person is received into custody by the institutional division, the judge of the court that imposed the sentence may suspend further execution of the sentence imposed and place the person on community supervision under the terms and conditions of this article, if in the opinion of the judge, the person would not benefit from further imprisonment.

*Id.*

Hall was received into TDCJ custody on September 29, 1998. The 75th day was December 13 and the 90th day was December 28. The State concedes that the court's orders of December 8 and December 30 were both outside the statutory window.

## AUTHORITIES

The Court of Criminal Appeals has determined that an order suspending boot camp entered *after* the expiration of 90 days is invalid. *Ex parte Bittikoffer,* 802 S.W.2d 701 (Tex.Crim.App.1991). Bittikoffer entered into a plea bargain which called for him to complete the boot camp program. *Id.* at 701. After successful completion of the program, he was to be placed on community supervision. Through no fault of Bittikoffer, the trial court entered an order after the expiration of the 90 days. The Court of Criminal Appeals held that, after the 90th day, the

trial court lost jurisdiction and could not place Bittikoffer on probation. Bittikoffer's plea was therefore involuntary because the terms of the plea agreement could not be fulfilled. *Id.*

Before *Bittikoffer,* the Court of Criminal Appeals had looked at the shock probation statute. *Ex parte Rogers,* 629 S.W.2d 741, 742 (Tex.Crim.App.1982). At that time, the shock probation statute had a minimum and maximum window much like the current boot camp statute:

> For the purposes of this section, the jurisdiction of the courts in this state in which a sentence requiring confinement in the Texas Department of Corrections is imposed for conviction of a felony shall continue for 120 days from the date the execution of the sentence begins. After the expiration of 60 days but prior to the expiration of 120 days from the date the execution of the sentence actually begins, the judge of the court that imposed such sentence may, on his own motion or on written motion of the defendant, suspend further execution of the sentence imposed and place the defendant on probation....

Act of May 17, 1977, 65th Leg., R.S., ch. 306, 1977 Tex. Gen. Laws 821 (now TEX.CODE CRIM. PROC. ANN. art. 42.12, § 6).[3]

Rogers pled guilty under a plea agreement for five years' imprisonment with the understanding that the court would bring him back after 60 days for resentencing. *Rogers,* 629 S.W.2d 741. He was returned to the sentencing county within the statutory window, but the court did not hold a hearing until the 131st day. The trial court "resentenced" Rogers to 10 years' probation.

Rogers complained by habeas corpus that the trial court had lost jurisdiction after the 120th day. The Court of Criminal Appeals wrote:

> It is well settled that the trial court can only exercise its jurisdiction in granting "shock probation" ... after the defendant

---

**3.** The current shock probation statute does not have a "minimum" time period before the court can consider suspending the prison sentence.

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 6 (Vernon Supp.1999). The court must act before the expiration of 180 days. *Id.*

has served at least 60 days ... and before he has served 121 days....

*Id.* at 742 (internal citations omitted).

In *Rogers,* the Court relied on *Tamez v. State,* 620 S.W.2d 586 (Tex.Crim.App.1981). Tamez pled guilty and was sentenced to five years' imprisonment on August 30, 1979. The court's order erroneously sentenced Tamez to not less than 60 days nor more than 120 days, "in accordance with" the shock probation statute. *Id.* at 587–88. On January 4, 1980—more than 120 days after Tamez began his prison time—the court suspended the sentence and placed him on shock probation. Within months, Tamez's probation was revoked and he appealed.

The Court of Criminal Appeals held that the erroneous sentence was an attempt to grant shock probation "prematurely and before [the court] had jurisdiction to do so." *Id.* at 587. Furthermore, the trial court had actually placed Tamez on shock probation after the expiration of 120 days. *Id.* at 588. Thus, Tamez was never legally on shock probation and could not complain about the subsequent revocation. *Id.* at 589. The Court of Criminal Appeals reinstated the December 1979 sentence. *Id.* at 590.

## APPLICATION

■ Hall argues that Respondent's orders suspending his sentence are void because they were entered outside the 75– to 90–day statutory window. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 8. The State concedes that the court's orders were outside the window but argues that the Respondent was in a unique situation not addressed by the statute, *i.e.,* a defendant who plea bargained for boot camp and then became ineligible by his voluntary acts. Furthermore, the State argues that the trial court had jurisdiction because the initial order was within 90 days from the date Hall entered TDCJ, but was simply premature to the 75th day.

We are sympathetic with Respondent's actions in attempting to sentence Hall to substance abuse counseling. However, the pro-

cedure to suspend a prison sentence and order community supervision is purely a creature of statute. *See Tamez,* 620 S.W.2d at 589–90. The boot camp statute provides a 75– to 90–day window. The Court of Criminal Appeals has interpreted a similar window under the former shock probation statute to require the sentencing court to act solely within that window. *Id.* We believe that the boot camp statute should be similarly applied.

## CONCLUSION

■ Mandamus will lie when Relator has no adequate remedy at law and he has a clear right to the relief sought. *Buntion v. Harmon,* 827 S.W.2d 945, 947 (Tex.Crim. App.1992). Respondent suspended Hall's sentence when he was without statutory authority to do so. *Id.*

Respondent is directed to vacate his orders of December 8 and December 30, 1998, thus reinstating the sentence of September 14, 1998.[4] Confident that he will do so, the writ will issue only upon Respondent's failure to comply with this opinion.

---

4. The State has not challenged Hall's assertion that he has served his two year sentence. Hall was credited with 637 days when he was sentenced to two years on September 14, 1998. We assume that he is eligible for release.