NUMBER 13-99-139-CR 



COURT OF APPEALS 



THIRTEENTH DISTRICT OF TEXAS 



CORPUS CHRISTI 

___________________________________________________________________ 



JASON E. MCGINNIS, Appellant, 



v. 



THE STATE OF TEXAS, Appellee. 

___________________________________________________________________ 



On appeal from the 36th District Court 

of Aransas County, Texas. 

___________________________________________________________________ 



O P I N I O N 



Before Chief Justice Seerden and Justices Dorsey and Yañez


Opinion by Chief Justice Seerden 



Jason F. McGinnis appeals from an order of the trial court revoking his "shock
probation" community supervision. The trial court agreed with the State that McGinnis
was not eligible for shock probation, but McGinnis here raises two grounds of error
contending that he was eligible and was properly placed on shock probation. We affirm. 

In 1995, McGinnis pled nolo contendere to the felony offense of burglary and was
convicted and sentenced to six years in prison, but he was concurrently placed in the
State Boot Camp Program. See Tex. Code Crim. Proc. Ann. art. 42.12 8 (Vernon
Supp. 2000); Tex. Gov't Code Ann. 499.052 (Vernon 1998). After discharge from boot camp,
McGinnis was placed on community supervision on January 23, 1996. On October 1, 1996,
probation was revoked and McGinnis was sentenced to serve his six years in prison. 

However, on February 2, 1997, a visiting judge heard and granted a motion for shock
probation. The State challenged the legality of the order placing McGinnis on shock
probation, and the trial court then revoked probation and ordered him to serve his
sentence.(1) 

By the present appeal, McGinnis complains by two points of error that he was eligible
for shock probation and that the visiting judge had the authority to place him on shock
probation. Specifically, by his first point of error, McGinnis complains that the visiting
judge had authority to place him on shock probation despite the fact that the judge was
not the same judge who originally sentenced him. 

Texas courts do not have inherent power to grant probation but must find statutory
support for placing the defendant on probation rather than ordering the execution of
sentence. See Busby v. State, 984 S.W.2d 627, 628 (Tex. Crim. App. 1998). In
addition, a defendant who was never legally placed on shock probation may not complain
about its revocation. Tamez v. State, 620 S.W.2d 586, 589 (Tex. Crim. App. 1981);
In re Hall, 989 S.W.2d 786, 789 (Tex. App.--Waco 1999, no pet.); Rice v.
State, 971 S.W.2d 533, 534-35 (Tex. App.--Dallas 1997, no pet.); King v. State,
942 S.W.2d 667, 670 (Tex. App.--Eastland 1997, no pet.). 

The Texas Code of Criminal Procedure provides for the imposition of shock probation
after the execution of sentence by "the judge of the court that imposed such
sentence." Tex. Code Crim. Proc. Ann. art. 42.12 6(a) (Vernon Supp. 2000). A separate
section of article 42.12 provides generally that "[o]nly the court in which
the defendant was tried may grant community supervision," and specifically that
"[i]n a felony case, only the judge who originally sentenced the defendant
may suspend execution thereof and place the defendant under community supervision pursuant
to Section 6 of this article." Tex. Code Crim. Proc. Ann. art. 42.12 10(a) (Vernon
Supp. 2000) (emphasis added). 

With regard to decisions concerning probation generally, the judge of another court may
lawfully grant probation when sitting as judge in the court in which the defendant was
tried. See Balderas v. State, 497 S.W.2d 298 (Tex. Crim. App. 1973); Davila
v. State, 794 S.W.2d 518, 520 (Tex. App.--Corpus Christi 1990, no pet.). 

However, the statute clearly requires that, not merely the same court, but also the
same judge who sentenced the defendant must also make the decision regarding shock
probation. In the present case, the visiting judge had no authority to place McGinnis on
shock probation. Once this error was called to its attention, the trial court properly
revoked probation and ordered imposition of sentence. We overrule McGinnis's first point
of error. 

Having determined that the judge was without authority to place McGinnis on shock
probation, we need not determine whether shock probation would otherwise be an option.
Accordingly, we need not address McGinnis's second point of error. See Tex. R.
App. P. 47.1. 

The order of the trial court revoking probation is AFFIRMED. 





__________________________________ 

ROBERT J. SEERDEN, Chief Justice 



Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this 31st day of March, 2000. 

1. We note that this Court reversed a prior order of the same nature
revoking probation because the trial court failed to afford the accused proper notice and
a meaningful opportunity to respond; we did not there discuss the present issue of the
legality of the order placing the defendant on shock probation. See McGinnis v. State,
13-97-899-CR (Tex. App.--Corpus Christi, December 10, 1998, no pet.) (unpublished). With
regard to the present order revoking probation, no challenge is made to proper notice and
the opportunity to be heard.