

# NUMBER 13-12-00283-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CHARLES MICHAEL THOMAS,                                      Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

### On appeal from the 252nd District Court
### of Jefferson County, Texas.

# MEMORANDUM OPINION[1]

### Before Chief Justice Valdez and Justices Rodriguez and Vela
### Memorandum Opinion by Justice Rodriguez

Appellant Charles Michael Thomas pleaded guilty to assault/family violence by

choking pursuant to a plea bargain agreement.   *See* TEX. PENAL CODE ANN. §

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

22.01(b)(2)(B) (West 2011). The trial court deferred adjudication and placed appellant on community supervision for three years. With retained counsel present, appellant subsequently pleaded true to three allegations in the State's motion to revoke.[2] After hearing testimony, the trial court found the allegations to be true, revoked appellant's community supervision, adjudicated him guilty, and assessed punishment in the Institutional Division of the Texas Department of Criminal Justice for nine years.

Concluding there are no arguable grounds, fundamental or otherwise, upon which appellant could obtain relief from the judgment and sentence in the trial court, appellant's counsel filed an *Anders* brief. We affirm as modified.

## I. Compliance with *Anders*

Pursuant to *Anders v. California,* appellant's counsel filed a brief and a motion to withdraw with this Court stating that he has diligently reviewed the record in this case and has researched the law. In his opinion, counsel has found no reversible error committed by the trial court and no arguable grounds for review. *See* 386 U.S. 738, 744-45 (1967). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex.

---

[2] The trial court withdrew and vacated its findings and a resultant order from a first revocation proceeding where the court had appointed counsel when appellant's retained counsel did not appear.

Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, an appeal from the judgment and sentence is without merit and frivolous because the record reflects no reversible error and, in his opinion, there are no grounds upon which an appeal can be predicated. Counsel specifically noted, from his review of the following, that he found no issues presented for review: (1) the plea and sentencing proceedings; and (2) the revocation proceedings. Counsel has demonstrated that he has complied with the requirements of *Anders* by (1) examining the record and finding no arguable grounds to advance on appeal, (2) serving a copy of the brief on appellant, (3) providing appellant with a copy of the reporter's record and a copy of the clerk's record, (4) informing appellant of his right to review the record and to file a pro se response raising any ground of error or complaint which he may desire, and (5) informing appellant that he had filed a motion to withdraw as counsel and a motion to extend appellant's time to file his pro se response. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. This Court granted appellant's motion to extend the time for filing his pro se response. That time has passed, and appellant has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the appellate record, counsel's *Anders* brief, and the

3

State's brief. The State points out that the administrative fee calculation contained in the judgment includes a $500.00 fine that was not orally pronounced at sentencing. *See State v. Davis*, 349 S.W.3d 535, 538 (Tex. Crim. App. 2011) ("'When the oral pronouncement of the sentence and the written judgment vary, the oral pronouncement controls' because 'the written sentence or order simply memorializes' the oral pronouncement.") (quoting *Ex Parte Madding*, 70 S.W. 3d 131, 135 (Tex. Crim. App. 2002)). An intermediate appellate court may reform a trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. TEX. R. APP. P. 43.2(b); *see e.g.*, *Tamez v. State*, 620 S.W.2d 586, 590 (Tex. Crim. App. [Panel Op.] 1981) (reforming the judgment to show a fine imposed but not stated in the judgment); *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (reforming the judgment to reflect a longer sentence). Accordingly, we modify the trial court's judgment to delete the $500.00 fine from appellant's administrative fees and from the trial court's findings. We need not order appointment of new counsel to re-brief the appeal. *Compare Stafford*, 813 S.W.2d at 511.

Having found nothing that would arguably support an appeal, we agree with counsel that the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. We affirm the judgment as modified.

4

### III. Motion To Withdraw

In accordance with *Anders*, counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw that was carried with the case on July 24, 2012. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to pursue a petition for review.[3] *See* Tex. R. App. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 20th
day of December, 2012.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.