

# In the Court of Criminal Appeals of Texas

No. WR-96,247-01

## EX PARTE AIRTON MOSQUERA,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. CR-20-2433-E-WHC1 in the 453rd District Court
From Hays County

YEARY, J., delivered the opinion of the Court in which SCHENCK, P.J., and RICHARDSON, WALKER, MCCLURE, FINLEY, and PARKER, JJ., joined. NEWELL and KEEL, JJ., concurred.

Applicant pled guilty to robbery and was sentenced to confinement for ten years. Subsequently, he filed this application for a writ of habeas corpus in the county of conviction. The district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant raises two grounds for relief. First, he asserts that his

plea was involuntary "because it was made with the understanding that he would receive shock probation" upon the completion of an "initial period of incarceration." Second, he argues that he "was denied the effective assistance of counsel when his attorney failed to file a motion for shock probation." In support of his grounds, Applicant claims that he pled guilty with the understanding that he would receive shock probation. According to the record before us, counsel was aware that a post-plea filing was required to assure that Applicant would have the opportunity to be considered for shock probation. And, still, defense counsel failed to file the appropriate motion.

## A. Applicant's Plea Was Not Involuntary

Applicant is not entitled to relief on his first claim on habeas because his plea was not involuntary. A plea is not retroactively rendered involuntary when counsel fails to take a particular action only *after* the plea is entered. *See Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997).

In *Ex parte Morrow*, this Court explained the limited instances in which relief is proper based on an involuntary plea claim premised on an allegation of ineffective representation by a defendant's counsel. *Id.* There, the Court explained that, "[w]hen a defendant enters his plea upon the advice of counsel and subsequently challenges the voluntariness of that plea based on ineffective assistance of counsel, the voluntariness of such plea depends on (1) whether counsel's *advice* was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty[.]" *Id.* (citing *Hill v.*

*Lockhart*, 474 U.S. 52, 56 (1985)) (emphasis added). The analysis focuses on the competency of counsel's advice, which is necessarily limited to counsel's performance prior to the plea. Notably, then, if the alleged ineffectiveness of counsel occurs only *after* the plea is entered, involuntary plea is not the proper claim to be pursued or the proper rationale for granting relief.

Here, counsel's plea advice and plea representation were competent—he secured Applicant the opportunity to move for shock probation free of the State's opposition. The problem only arose because counsel subsequently failed to follow through with his own obligation, based on his own competent advice and representation, to file a motion for shock probation. Because counsel's advice and representation prior to and leading up to the entry of Applicant's plea was competent, Applicant's plea was not involuntary due to ineffective assistance of counsel.[1]

### B. Applicant's Counsel Was Constitutionally Ineffective

But Applicant is entitled to relief on his second claim on habeas— that his counsel was constitutionally ineffective. Under *Strickland v. Washington*, an applicant must show that counsel's performance was deficient and that—but for that deficient performance—there is a

---

[1] The habeas court, in its Conclusions of Law relating to Ground One, cites *Ex parte Bittikoffer* for the notion that Applicant is entitled to relief based on an involuntary plea due to ineffective assistance of counsel. 802 S.W.2d 701 (Tex. Crim. App. 1991). But *Bittikoffer* did not address a claim of involuntary plea on the basis of ineffective assistance of counsel. *See id.* at 702 (noting that the attorney was not at fault for the trial court's loss of jurisdiction). So, the habeas court's reliance on *Bittikoffer*—in the context of involuntary plea due to ineffective assistance of counsel—is misplaced.

"reasonable probability" that the outcome would have been different. 466 U.S. 668, 694 (1984); *Ex parte Chandler*, 182 S.W.3d 350, 353 (Tex. Crim. App. 2005). Here, counsel was deficient for failing to file the motion for shock probation, and but for that failure, Applicant would have had a hearing on shock probation, which he was entitled to in accordance with his plea bargain.[2] *Cf. Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018) ("[I]f the deficient performance might have caused the waiver of a proceeding, the defendant's burden is to demonstrate a reasonable probability that the deficient performance caused the defendant to waive a judicial proceeding that he was otherwise entitled to have.").

### C. Applicant Is Entitled To A New Punishment Hearing

The proper relief is a new punishment hearing.[3] *See Ex parte Ulibarri*, No. AP-75,773, 2007 WL 2852162, at *1 (Tex. Crim. App. Oct. 3, 2007) (per curiam) (not designated for publication) (granting Applicant a new punishment hearing when counsel failed to present a motion for shock probation before the trial court's jurisdiction expired). Habeas corpus relief is granted. Accordingly, the sentence in Cause No.

---

[2] The convicting court goes so far as to explicitly find that it would have granted the motion and placed Applicant on community supervision.

[3] Granting an entire new trial is inappropriate because Applicant's plea is not involuntary, see *supra* Part A, so there is no need to unravel the plea. And while an out-of-time motion for shock probation might seem like a viable option, the trial court has unquestionably lost jurisdiction, and this Court has never granted that form of relief. But we have granted, in similar circumstances, a new punishment hearing, albeit in an unpublished opinion. *See Ex parte Ulibarri*, No. AP-75,773, 2007 WL 2852162, at *1 (Tex. Crim. App. Oct. 3, 2007) (per curiam) (not designated for publication) ("The sentence . . . is vacated, and Applicant is remanded to the custody of the Sheriff of Dallas County so that a new punishment hearing may be conducted.").

CR-20-2433-E-WHC1 is vacated, and Applicant is remanded to the custody of the Sheriff of Hays County so that a new punishment hearing may be conducted. Copies of this opinion shall be sent to the Texas Department of Criminal Justice—Correctional Institutions Division and Board of Pardons and Paroles.

**FILED:**                                        March 5, 2025
**PUBLISH**