**Ex parte Thomas Perry ROGERS.**

**No. 68884.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 20, 1982.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

The record reflects that on April 12, 1980 the applicant pled guilty to the offense of possession of marihuana over four ounces. Although not reciting the details of a plea bargain the court at the time of the plea acknowledged the existence of such a plea bargain. In accordance with the agreement the court assessed punishment at five years confinement and a $4,000.00 fine. After assessing punishment the trial court further in accordance with the bargain stated it would "entertain bringing you back after a period of sixty days and resentencing you, in the event you are able to comply with all the terms of rules and regulations of the Texas Department of Corrections."

After serving a period in excess of ninety days at the Department of Corrections applicant was bench warranted by the trial court to Hudspeth County Jail. After 131 total days he appeared again before the trial court for consideration of shock probation.

At this hearing the trial court set aside the prior punishment of five years and a

$4,000.00 fine and imposed a punishment of ten years, probated, plus a $5,000.00 fine. Applicant objected to the increase in penalty by pointing out the discrepancy in punishments to the trial court judge. The judge responded by stating that the applicant received five years as punishment because he was sent to the penitentiary, however, his "resentencing" would be for ten years, probated.

Applicant contends that the trial court's actions in placing him on probation and increasing his punishment to ten years, probated, and a $5,000.00 fine are void. Applicant argues the trial court lost jurisdiction after the 120th day of confinement lapsed.

■ It is well settled that the trial court can only exercise its jurisdiction in granting "shock probation" under Art. 42.12, Sec. 3e, V.A.C.C.P., after the defendant has served at least 60 days, *Tamez v. State*, 620 S.W.2d 586, Tex.Cr.App., and before he has served 121 days, *Adams v. State*, 610 S.W.2d 780, Tex.Cr.App.; *State ex rel. Vance v. Hatten*, 600 S.W.2d 828, Tex.Cr.App. This rule is clearly spelled out in *Houlihan v. State*, 579 S.W.2d 213, Tex.Cr.App., where this Court stated:

"Plainly and unequivocally the Legislature sought to accomplish two purposes: One, to expand jurisdiction for 120 days and, two, to require a ruling by the court in the second 60 day period. Taken together the two provisions admit no other construction than that jurisdiction to act ceases when the 120 day period has expired." Id. at 219.

■ The trial court's action is thus without effect. The court was without authority to grant "shock probation" pursuant to Art. 42.12, Sec. 3e, supra, or take any other action in applicant's case.

Applicant further contends that the court's failure to place him on shock probation resulted in a violation of his plea bargain.

The record shows that a plea bargain existed between the applicant and the State. Included in the record are stipulations, findings of fact, and conclusions of law which show a plea bargain did exist. Furthermore, the court approved a stipulation "that a plea bargain existed between the petitioner, the Court whereby petitioner was sentenced to 'shock probation' provided petitioner could comply with the rules and regulations of the Texas Department during his 60 to 120 days of incarceration."

■ When a defendant enters a plea of guilty or nolo contendere pursuant to a plea bargain agreement, the State is bound to carry out its side of the bargain. *DeRusse v. State*, 579 S.W.2d 224, Tex.Cr.App. If the prosecution does not live up to its part of a plea bargain and such bargain was used as an inducement for the guilty plea, doubt is raised as to whether a guilty plea under such circumstance can be regarded as truly voluntary. *Bass v. State*, 576 S.W.2d 400, Tex.Cr.App. When the court loses jurisdiction so as to bar enforcement of a plea bargaining agreement, doubt is also raised as to whether a guilty plea under such circumstance can be regarded as truly voluntary. The appropriate relief for the failure to keep a plea bargain is either specific enforcement of the agreement or withdrawal of the plea, depending upon the circumstances of each case. *Joiner v. State*, 578 S.W.2d 739, Tex.Cr.App.

■ In the instant cause, petitioner was induced to enter a plea of guilty based upon a representation that he would receive probation if he conformed to the rules of the Department of Corrections. We decline petitioner's request to order probation on his original assessment of five years and a fine of $4,000.00. Since the trial court lost jurisdiction to impose more lengthy punishment; likewise it lacked jurisdiction to grant shock probation. The plea bargain not having been kept, specific enforcement is impossible. We find the petitioner's plea of guilty was not voluntarily entered and that he is entitled to withdraw the plea.

The relief sought is granted. Petitioner is ordered remanded to the Sheriff of Hudspeth County to answer the indictment in Cause No. 628 of the 34th Judicial District Court of Hudspeth County.

It is so ordered.