IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-200-CR





MOSES MARTINEZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 43,448, HONORABLE JACK W. PRESCOTT, JUDGE PRESIDING



 





PER CURIAM

 After accepting appellant's guilty plea and judicial confession, the district court
found him guilty of felony driving while intoxicated. Act of May 27, 1983, 68th Leg. R.S., ch.
303, § 3, 1983 Tex. Gen. Laws 1568, 1574 (Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b), (e), since
amended and codified at Tex. Penal Code Ann. §§ 49.06, 49.09). The court assessed punishment,
enhanced by a previous felony conviction, at imprisonment for ten years.

 In his only point of error, appellant contends he is entitled to a new trial because
the district court assessed punishment on the assumption that appellant is eligible for shock
probation. In fact, appellant is not eligible for shock probation because he has been previously
imprisoned for a felony offense. Tex. Code Crim. Proc. Ann. art. 42.12, § 6(a)(2) (West Supp.
1994). Appellant urges that because the court assessed punishment on this incorrect assumption,
he should be allowed to withdraw his plea.

 Appellant relies on the opinion in Ex parte Rogers, 629 S.W.2d 741 (Tex. Crim.
App. 1982). In that case, the defendant pleaded guilty pursuant to a plea bargain agreement that
included a grant of shock probation. The trial court, however, did not grant shock probation
within the time allowed by the statute. The Court of Criminal Appeals held that because the plea
bargain was not kept and specific enforcement was impossible, the defendant's plea was
involuntary and he was entitled to a new trial.

 Appellant did not plead guilty pursuant to a plea bargain. Because his guilty plea
was not conditioned on a promise of shock probation, his ineligibility for such probation does not
render the plea involuntary. Furthermore, the record does not support appellant's assertion that
the district court believed appellant was eligible for shock probation when it assessed punishment. 
After imposing sentence, the court stated that "[t]he court may consider at an appropriate time if
you are eligible possibility [sic] of a shock probation. There's no guarantee or recommendation
of that, but I may give some consideration to that if you're eligible upon proper application at the
appropriate time." It is obvious from these remarks that the district court neither believed
appellant to be eligible for shock probation when it assessed punishment nor promised appellant
that he would receive shock probation. The point of error is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and Kidd;

 Chief Justice Carroll Not Participating

Affirmed

Filed: October 12, 1994

Do Not Publish