Opinion issued July 3, 2002
















In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00040-CR

____________


DONALD WAYNE ELLERBE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 763,747






O P I N I O N

 After a mistrial, appellant, Donald Wayne Ellerbe, pleaded nolo contendere to
the felony offense of aggravated sexual assault of a child under the age of 14. 
Pursuant to his plea agreement with the State, the trial court deferred adjudication of
appellant's guilt and placed him on community supervision for 8 years. After the
State filed its second motion to adjudicate guilt, the trial court found that appellant
violated the terms and conditions of his community supervision, adjudicated his guilt,
and assessed punishment at 18 years confinement. In his sole point of error, appellant
contends the State and the trial court violated the plea bargain agreement. We dismiss
for lack of jurisdiction.

Background

 Appellant's plea agreement included conditions of community supervision that
required appellant to participate in a sex-offender treatment program and submit to
"sex offender counseling" and standard sex-offender conditions. Pursuant to these
conditions, the trial court ordered appellant to submit to a "Sex Offender Treatment
Evaluation" and to attend and participate in a court-approved treatment program. 

 Appellant attended counseling for sex-offender treatment but did not fully
participate in the program. The counseling program required that appellant sign a
document admitting he committed a sexual assault. Appellant denied he committed
the offense, resisted treatment, and failed to do his program assignments. Appellant
was then terminated from the program without completing it. The State filed a
motion to adjudicate appellant's guilt, which was denied. However, the trial court
amended the terms and conditions of appellant's community supervision and ordered
appellant to submit to a "Sex Offender Treatment Evaluation (Crismon & Associates
Intensive Group Therapy)" and attend and "participate fully in an approved treatment
program . . . ." The trial court further notified appellant as follows:

 THE COURT WILL BE NOTIFIED OF ANY MISSED TREATMENT
SESSIONS. YOU ARE TO COOPERATE FULLY WITH
COUNSELORS. YOU ARE TO HAVE NO ABSENCES, NO
INCOMPLETE HOMEWORK AND NO EXCUSES.

The treatment program again required appellant to admit to his crime for the treatment
to continue and be successful. Again, appellant denied he was guilty of the offense
and was terminated from the program. The State then filed a second motion to
adjudicate guilt, alleging appellant failed to submit to the sex-offender treatment and
failed to attend and fully participate in the program. 

 The trial court found appellant had failed to submit to sex-offender treatment,
adjudicated him guilty, and assessed his punishment at 18 years confinement.

Analysis

 In his sole point of error, appellant contends the trial court and the State
violated his plea bargain agreement. He argues he accepted "a deferred adjudication
probation in exchange for his not having to admit to the commission of the offense,
but for his plea of nolo contendere." He complains that the trial court found him
guilty of violating his probation when he would not admit to the offense as part of a
sex-offender treatment program. 

 The State argues the appeal should be dismissed for lack of jurisdiction. 
Appellant acknowledges that, pursuant to Manuel v. State, 994 S.W.2d 658, 662 (Tex.
Crim App. 1999), "it would appear appellant has waived any right to appeal any issue
in this case." However, he argues that Manuel is inapplicable because his original
plea agreement was subsequently violated and, under article 26.13(a)(2), (1) he should
have then been allowed to withdraw his plea of nolo contendere. See Ex parte
Rogers, 629 S.W.2d 741, 742 (Tex. Crim. App. 1982). 

 Appellant's argument is based on a false premise: that his plea of nolo
contendere somehow relieved him of taking responsibility for his actions and of
submitting to sex-offender counseling and participating fully in the treatment
program. The legal effect of a plea of nolo contendere is "the same as that of a plea
of guilty." Tex. Code Crim Proc. Ann. art. 27.02(5) (Vernon 1989). The only
difference between a plea of guilty and a plea of nolo contendere is that a plea of nolo
contendere may not be used against a defendant as an admission in any civil suit
based upon or growing out of the act upon which the underlying criminal complaint
was based. Id. A plea of nolo contendere does not relieve a defendant from having
to admit to the commission of an offense so as to fully participate in a treatment
program as a condition of community supervision. Thus, neither the State nor the
trial court violated appellant's plea bargain agreement by requiring him to submit to, 
participate in, and successfully complete such a program.

 Appellant is essentially left with arguing that his original plea was involuntary:
that he "would never have pleaded nolo contendere in the first place" had he known
he would "have to admit actually committing the offense." This Court, as
acknowledged by appellant, may not consider any complaint concerning the original
plea, because such a complaint must be raised when deferred adjudication community
supervision is first imposed. (2) See Manuel, 994 S.W.2d at 661-62. 

Conclusion 

 We dismiss this appeal for lack of jurisdiction.




 Terry Jennings

 Justice


Panel consists of Justices Hedges, Jennings, and Wilson. (3)

Publish. Tex. R. App. P. 47.
1. Tex. Code Crim Proc. Ann. art. 26.13(a)(2) (Vernon Supp. 2002).
2. Meritorious claims of involuntary pleas may be raised by habeas corpus. See
Cooper v. State, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001).
3. Justice Davie L. Wilson, who retired on March 31, 2002, continues to sit by
assignment for the disposition of this case, which was submitted on January 15,
2002.