IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,534






EX PARTE TROY LEE GIBSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR25328 IN THE 253
RD JUDICIAL DISTRICT COURT


FROM LIBERTY COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a
habitation and was sentenced to ten years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because his plea was conditioned on the fact
that he would be considered for shock probation if he abided by TDCJ rules for 120 days. When the
motion for shock probation was filed, the trial court initially entered an order granting shock
probation. However, it was discovered that the jurisdiction of the trial court had expired before the
motion was filed, and also that Applicant was ineligible for shock probation because of a prior felony
sentence. The trial court held a hearing, at which the prosecutor agreed that Applicant should receive
the benefit of the plea agreement, and offered to "do whatever is necessary to make that benefit
available to him, procedurally speaking." The trial court then entered an order withdrawing the
previous order granting shock probation. 

 Applicant filed this writ in this Court, alleging that his plea agreement had been violated,
rendering his plea involuntary. The State filed an answer, recommending that relief be denied, and
that Applicant be penalized for filing a "frivolous application" by forfeiture of his good time credit. 
Tex. Gov't Code §498.045. The trial court entered findings of fact and conclusions of law, finding
that Applicant's plea was not knowingly and voluntarily entered, because at the time of the plea
Applicant did not know that he was ineligible for shock probation. The trial court concluded that
the unenforceable plea bargain was used as an inducement for the guilty plea, and that the proper
remedy would be to allow Applicant to withdraw his plea. We agree. See Ex parte Rogers, 629
S.W.2d 741, 742 (Tex. Crim. App. 1982).

 Relief is granted. The judgment in Cause No. CR25328 in the 243rd Judicial District Court
of Liberty County is set aside, and Applicant is remanded to the trial court to answer the charge
against him.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: November 1, 2006

Do Not Publish