IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,606






EX PARTE RYAN LYNN REASONER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 43895-B IN THE 78TH DISTRICT COURT


FROM WICHITA COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to ten (10) years' imprisonment. He did not appeal his conviction.

 Applicant contends that his plea was involuntary because his plea was conditioned on the fact
that he would be considered for shock probation. When the motion for shock probation was filed,
the trial court entered an order denying shock probation because shock probation was unavailable
due to applicant's conviction for aggravated robbery.

 The trial court determined that Applicant is entitled to relief. Ex parte Huerta, 692 S.W.2d
681 (Tex. Crim. App. 1985). The trial court entered findings of fact and conclusions of law, finding
that the record unequivocally establishes that the plea bargain encompassed the opportunity for the
applicant to seek shock probation and have the trial court consider the request. However, aggravated
robbery is not an offense for which shock probation is available. The plea bargain was
unenforceable, and therefore the plea was involuntary. The trial court concluded that relief should
be granted. The judgment should be set aside and applicant should be remanded to the trial court. 
We agree. See Ex parte Rogers, 629 S.W.2d 741, 742 (Tex. Crim. App. 1982).

 Relief is granted. The judgment in Cause No. 43895-B in the 78th Judicial District Court
of Wichita County is set aside, and Applicant is remanded to the custody of the sheriff to answer the
charge against him in the trial court.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: February 7, 2007

Do Not Publish