

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,201

### EX PARTE REGINALD MUCKLEROY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 06F0099-005-A IN THE 5TH JUDICIAL DISTRICT COURT
### FROM BOWIE COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). In separate causes, Applicant pleaded guilty to two charges of theft and was sentenced to ten years' imprisonment for each charge, to run concurrently. As a condition of the plea, Applicant was to be brought back to the trial court within 180 days of his sentencing for consideration of shock probation on both charges. He did not appeal his conviction.

Applicant was brought back to the trial court and placed on shock probation in one cause,

but through a clerical error, this cause was omitted from the trial docket. The trial court granted shock probation in the other cause, and although no action was taken pursuant to this cause number, Applicant was released on shock probation. Applicant's probation was later revoked, and the trial court reformed the judgment in the other cause to reflect a four-year sentence. Applicant is now serving the four-year reformed sentence in the other cause concurrently with a ten-year sentence in this cause.

Applicant contends, *inter alia*, that his plea agreement was breached because he was inadvertently brought back to the trial court, considered for and granted shock probation on only one of the two causes. The original plea agreement contemplated consideration for shock probation on both causes. The trial court held a hearing on this matter, and has determined that applicant plead guilty pursuant to an agreement that this sentence would run concurrently with his other sentence, and that both causes would be considered for shock probation. Applicant is entitled to relief. *Ex parte Rogers*, 629 S.W.2d 741, 742 (Tex. Crim. App. 1982).

Relief is granted. The judgment in Cause No. 06F0099-005-A in the 5th Judicial District Court of Bowie County is set aside, and applicant is remanded to the custody of the Sheriff of Bowie County to answer the charge against him.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.


Delivered: August 26, 2009
Do Not Publish