**Affirmed and Memorandum Opinion filed December 3, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00673-CR

**KEDRICK NELMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 427th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-DC-18-904003**

## M E M O R A N D U M   O P I N I O N

A jury found Appellant Kedrick Nelms guilty of trafficking of a person younger than 18 years and compelling prostitution. *See* Tex. Penal Code Ann. §§ 20A.02(a), 43.05 (Vernon Supp. 2019). The trial court sentenced Appellant to 40 years' confinement. Challenging the trial court's judgment, Appellant asserts two issues addressing the trial court's admission of certain testimony and the

State's plea bargain offer.  For the reasons below, we affirm.[1]

## BACKGROUND

Complainant was 14 years old when she met Appellant through a mobile dating site in 2016.  Appellant introduced Complainant to a woman named Kirsten, who talked to Complainant about posting her pictures online to solicit prostitution.

Shortly thereafter, Complainant traveled to Austin and San Antonio with Kirsten and another woman named Bria.  On both trips Complainant and the other two women engaged in prostitution with men they met through online advertisements.  Complainant was arrested in San Antonio after she was apprehended by police officers while smoking marijuana.  Complainant was transported to a juvenile detention facility where she was interviewed by senior juvenile probation officer Eliseo Mata.  Complainant initially was not cooperative with Officer Mata but, after Officer Mata showed Complainant the prostitution advertisements he found online, Complainant became more cooperative and provided details regarding her involvement with Appellant, Kirsten, and Bria.

Complainant, Bria, and Officer Mata testified at Appellant's trial.  After the parties rested, the jury found Appellant guilty of trafficking of a person younger than 18 years and compelling prostitution.  Appellant timely appealed.

## ANALYSIS

Appellant asserts (1) the trial court abused its discretion by permitting inadmissible hearsay testimony into evidence, and (2) he was denied due process by the State's failure to communicate a plea bargain offer of eight years'

---

[1] This case was transferred to this court from the Third Court of Appeals by Texas Supreme Court Transfer Order Misc. Docket No. 18-9083, issued June 19, 2018.  Because of the transfer, we must decide the case in accordance with the precedent of the Third Court of Appeals if our decision otherwise would have been inconsistent with that court's precedent.  *See* Tex. R. App. P. 41.3.

confinement.

## I. Any Error in the Admission of the Challenged Testimony Was Harmless.

Appellant asserts the trial court abused its discretion by permitting Officer Mata to testify regarding hearsay statements Complainant made during her interview at the detention facility. Specifically, Appellant challenges Officer Mata's testimony about the following topics: (1) Complainant's description of Appellant, where they met, and that she wanted to be in a relationship with him; (2) Complainant's descriptions of Kirsten and Bria and their involvement in the relevant events; and (3) Complainant's statements regarding the purpose of the trips to Austin and San Antonio. Presuming it was error to admit this testimony and that Appellant properly preserved this error for appellate review, we conclude any error was harmless.

Hearsay is defined as a statement, other than one made by the declarant while testifying at the current trial or hearing, that is offered into evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). Errors in the admission of hearsay evidence generally are non-constitutional in nature; therefore, even when such error is established, it will be disregarded unless it affected a defendant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Sandoval v. State*, 409 S.W.3d 259, 287 (Tex. App.—Austin 2013, no pet.). An error affects a defendant's substantial rights when the error "had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). The erroneous admission of evidence will not warrant reversal if the same or similar evidence was admitted without objection at another point in the trial. *Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010).

Here, the evidence imparted in Officer Mata's challenged statements was

admitted without objection during other witnesses' testimony. Complainant identified Appellant in court as the man she met through a dating application and said he connected her to Kirsten and Bria, asked her to "make money," and "pretended to be [her] boyfriend." Complainant also testified regarding how she met Kirsten and Bria and their involvement in the posting of the online prostitution advertisements. Complainant also described the women's trips to Austin and San Antonio and the prostitution they engaged in.

Bria testified that Appellant and Kirsten "intended to engage in prostitution or pimping together." Bria discussed meeting Complainant, taking elicit photographs with Complainant, and posting the pictures on prostitute websites. Bria also described the Austin and San Antonio trips with Kirsten and Complainant and said the purpose of the trips was to prostitute and make money. Bria said Complainant agreed to the trips because she thought Appellant "was going to be her boyfriend."

As this recitation shows, the testimony Appellant challenges also was admitted via other witnesses, namely, Complainant and Bria. Therefore, any error in the admission of the challenged testimony did not affect Appellant's substantial rights and did not have a substantial and injurious effect on the jury's verdict. *See King*, 953 S.W.2d at 271; *Sandoval*, 409 S.W.3d at 287.

We overrule Appellant's first issue.

II. **The Record Does Not Contain Any Evidence to Support Appellant's Claim the State Intended to Offer an Eight-Year Plea Bargain.**

In his second issue, Appellant focuses on the parties' pretrial discussions regarding plea bargain offers. At Appellant's November 17, 2017 arraignment, the State offered to recommend a sentence of 15 years' confinement in exchange for a "guilty" plea. Appellant declined the State's offer.

4

At a pretrial hearing held on June 14, 2018, the parties again discussed a possible plea bargain and Appellant counter-offered with six years' confinement for a "guilty" plea. The State rejected Appellant's counteroffer. When the trial court inquired about the State's previous offer, a prosecutor stated: "[t]he State had offered eight [years] and the offer had expired and there was no counter in the intervening nine months, ten months." A second prosecutor told the trial court, "when we announced ready for trial and everything, the offer that we put on the record, I believe, was eight years' TDC."

Appellant's trial counsel and the trial court stated they did not have any recollection of the State's prior offer. Pressing this point further, Appellant's trial counsel stated:

> [I]f the State is averring that there was an offer for eight [years], then I think, as an officer of the court, if the defendant wanted to take that, I don't think he ever turned that down on the record. And so therefore, there might be an error in him not having been able to address the offer at some time in the past. That's my only concern. Because I don't remember the offer being eight [years].

Asserting this exchange shows the State intended to offer an eight-year plea bargain, Appellant contends the State's failure to communicate this offer to his trial counsel violated his due process rights.

A defendant in Texas has neither a constitutional nor statutory right to plea bargain for a particular punishment or a reduced charge. *Perkins v. Court of Appeals for Third Supreme Judicial Dist. of Tex., at Austin*, 738 S.W.2d 276, 283 (Tex. Crim. App. 1987); *Morano v. State*, 572 S.W.2d 550, 551 (Tex. Crim. App. [Panel Op.] 1978). But when a plea bargain is expressly approved by the trial court in open court, the plea bargain becomes a binding contractual arrangement between the State and the defendant. *See Perkins*, 738 S.W.2d at 283; *see also*

5

*Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000) ("It also is well-settled that a defendant is entitled to insist on the benefit of his bargain."). After a plea agreement is approved by the trial court, the defendant may seek specific enforcement of the agreement if the State fails to keep its end of the bargain. *See Ex parte Rogers*, 629 S.W.2d 741, 742 (Tex. Crim. App. 1982) (orig. proceeding).

But here, the record does not show Appellant and the State agreed to an eight-year plea bargain. The record also does not show that this alleged bargain was expressly approved by the trial court in open court. At most, the record suggests the State's prosecutors were mistaken about the term of confinement included with the previous offer (which was made seven months earlier) — but this suggestion alone does not entitle Appellant to seek specific enforcement of the alleged offer. *See Perkins*, 738 S.W.2d at 283; *Ex parte Rogers*, 629 S.W.2d at 742. Without any evidence in the record to support Appellant's contention, we overrule his second issue.

## CONCLUSION

We overrule Appellant's issues on appeal and affirm the trial court's judgment.

/s/    Meagan Hassan
Justice

Panel consists of Chief Justice Frost and Justices Wise and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).