

NUMBER 13-12-00161-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROGELIO CORTEZ MARTINEZ,                                        **Appellant,**

v.

THE STATE OF TEXAS,                                        **Appellee.**

**On appeal from the 197th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Perkes**

Appellant, Rogelio Cortez Martinez, appeals his conviction for burglary of a habitation, a first-degree felony. *See* TEX. PENAL CODE ANN. § 30.02 (a)(1), (d) (West 2011). Following a jury trial on guilt-innocence, the trial court assessed punishment and sentenced appellant to ninety-nine years' imprisonment in the Texas Department of

1

Criminal Justice, Institutional Division. The trial court ordered the present sentence to run consecutively with any other sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08 (West 2008). The record reflects that at the time of the present offense, appellant had at least two prior convictions for burglary of a habitation and was released on parole from another ninety-nine year sentence.

Appellant timely perfected this appeal, and, as discussed below, his court-appointed counsel filed an *Anders* brief. We modify the judgment to delete an erroneous assessment of attorney's fees against appellant and we affirm the judgment as modified.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California,* 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority,

there are no reversible errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response.[1] *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Appellant has responded by filing a timely pro se brief.[2]

## II. INDEPENDENT REVIEW

A court of appeals has two options when an Anders brief and a subsequent pro se response are filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State,* 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's and appellant's respective briefs, and have found no reversible error. *See Bledsoe,* 178 S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman,* 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

[2] Previously, this Court granted appellant's request for an extension of time in which to file his pro se brief in this case.

the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

However, there is an error in the judgment because the trial court assessed $500 in attorney's fees as a cost against appellant. The record shows appellant was appointed trial counsel because he was indigent. *See* TEX. CODE CRIM. PROC. art. 26.04 (West Supp. 2012). A defendant determined to be indigent cannot be charged for legal services provided to him. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) (concluding that a "defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees"); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012) ("If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay."); *id.* art. 26.04(p) ("A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.").

There is no evidence in the record that appellant's indigent status changed prior to the trial court's entry of judgment in this case. Therefore, the trial court erred in assessing $500 in attorney's fees against appellant, and we will modify the trial court's judgment to correct this error. An intermediate appellate court may modify a trial court's judgment to make the record speak the truth when it has the necessary data and

4

information to do so. *See* TEX. R. APP. P. 43.2(b); *Pfeiffer v. State*, 363 S.W.3d 594, 599 & n.16 (". . . when a defendant appeals his conviction, the courts of appeals have the jurisdiction to address any error in that case"); *Tamez v. State*, 620 S.W.2d 586, 590 (Tex. Crim. App. [Panel Op.] 1981) (reforming judgment to show $500 fine imposed but not stated in judgment); *Nolan v. State,* 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist. 2001], no pet.) (reforming judgment to reflect longer sentence). Acting *sua sponte*, and without necessity of additional briefing, intermediate appellate courts have corrected erroneous assessments of attorney's fees against indigent defendants in *Anders* cases. *See, e.g., Hopkins v. State*, No. 07-11-0045-CR, 2012 WL 3104821, at *3 (Tex. App.—Amarillo July 27, 2012, no pet.) (mem. op., not designated for publication); *Nelson v. State*, No. 03-11-00022-CR, 2011 WL 5504935, at *2 (Tex. App.—Austin Nov. 9, 2011, no pet.) (mem. op., not designated for publication).

### III.  MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to

5

advise him of his right to file a petition for discretionary review.[3]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV.  CONCLUSION

Because the trial court's assessment of attorney's fees against appellant was impermissible under the law and facts in this case, we delete that portion of the judgment assessing $500 in attorney's fees as a cost against appellant.   We affirm the judgment as modified.

_____
Gregory T. Perkes
Justice

Do not publish.   TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of March, 2013.

---

[3]   No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.   *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals.   *See* TEX. R. APP. P. 68.3.   Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.   *See* TEX. R. APP. P. 68.4.