**AFFIRMED as MODIFIED and Opinion Filed March 26, 2024**



In The

### Court of Appeals
### Fifth District of Texas at Dallas

**No. 05-22-00806-CR**
**No. 05-22-00807-CR**
**No. 05-22-00828-CR**

**ROBERT LEE JOHNSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-2152734-M, F-2253336-M, F-2055828-M**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Reichek

Robert Lee Johnson appeals his convictions for three offenses – one for aggravated robbery and two for delivery of a controlled substance. In trial court case number F-2055828-M, appellant pleaded guilty to the offense of aggravated robbery. On December 9, 2020, he was sentenced to five years' deferred adjudication probation.

On March 4, 2021, the State filed a motion to revoke appellant's probation and proceed with an adjudication of his guilt based, in part, on appellant's commission of the offense of delivery of a controlled substance as charged in case

number F-2152734-M.  On August 5, 2021, Appellant pleaded true to violating his probation.  He additionally pleaded guilty to the drug offense and was sentenced to ten years' confinement in that case.  The State's motion to adjudicate in the aggravated robbery case was continued.

On February 21, 2022, appellant was granted shock probation in case number F-2152734-M.  The State withdrew its motion to adjudicate in the aggravated robbery case on the same day.

Approximately two months later, the State filed a motion to revoke appellant's shock probation and a second motion to proceed with an adjudication of guilt in the aggravated robbery case.  The motions alleged that appellant had failed to report to his community supervision officer.  The State later amended the motions to add the commission of a new offense of delivery of a controlled substance as another probation violation.  This second drug offense is the subject of case number F-2253336-M.

On August 11, the trial court conducted a hearing in all three cases.  Appellant pleaded true to the alleged probation violations and guilty to the second drug offense.  Appellant's shock probation was revoked, and the court reinstated the ten-year sentence in that case.  The trial court also adjudicated appellant guilty in both the aggravated robbery case and the second drug case and sentenced him to twenty-five years' confinement and one year of confinement respectively.  Appellant's right to appeal was certified in all three cases.

On appeal, appellant's court-appointed appellate counsel has filed a brief in which he concludes there are no arguable points of error, and the appeal is wholly frivolous and without merit. He has also filed an accompanying motion to withdraw as appointed counsel. When an appellate court receives an *Anders* brief asserting no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the record. *See Anders v. California*, 386 U.S. 738, 744 (1967) (emphasizing that the reviewing court, and not appointed counsel, determines, after full examination of proceedings, whether the case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (quoting *Anders*). If we conclude, after conducting an independent review, that "appellate counsel has exercised professional diligence in assaying the record for error" and agree the appeal is frivolous, we should grant counsel's motion to withdraw and affirm the trial court's judgment. *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008); *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006).

The brief before us meets the requirements of *Anders*. It presents a professional evaluation of the record showing why there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978) (determining whether brief meets requirements of *Anders*). We advised appellant by letter of his right to file a pro se response and he did not file a

–3–

response.  *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (appellant has right to file pro se response to Anders brief filed by counsel).

Although not an arguable issue, appellant's counsel notes that the order granting appellant shock probation in case number F-2152734-M was signed outside the trial court's period of plenary power.  A trial court retains jurisdiction to suspend a defendant's sentence and place him on community supervision probation for only 180 days after the defendant begins serving his sentence.  TEX. CODE CRIM. PROC. ANN. art. 42A.202.  Here, the trial court signed the order granting appellant shock probation 200 days after his sentence began.  Because the order granting shock probation was signed outside the 180-day period in which the trial court retained jurisdiction, the order and the subsequent judgment reinstating appellant's original ten-year sentence are void.  *See id.*; *Rice v. State*, 971 S.W.2d 533, 535 (Tex. App.— Dallas 1997, no pet.) (appellant never legally on shock probation cannot complain of matters pertaining to its revocation).  Accordingly, we vacate the February 21, 2022 order granting shock probation and the judgment signed on August 11, 2022 in case number F-2152734-M, leaving in place the original judgment of conviction rendered on August 5, 2021 in that case.  *See Rice*, 971 S.W.2d at 536.

The State raises an additional non-arguable issue, stating that the trial court's judgment in case number F-2253336-M does not accurately reflect the penalty group of the controlled substance appellant was convicted of delivering or the correct statute for the offense to which he pleaded guilty.  Appellant pleaded guilty to

–4–

delivery of cocaine in an amount of less than one gram, which is a state jail felony offense pursuant to section 481.112(b) of the Texas Health and Safety Code. TEX. HEALTH & SAFETY CODE ANN. § 481.112(b). Cocaine is a "Penalty Group 1" controlled substance. *Id*. § 481.102. This Court has the power to modify a judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.–Dallas 1991, pet. ref'd). Accordingly, we modify the judgment in trial court case number F-2253336-M in the following manner: the "Offense for which Defendant Convicted" portion of the judgment is modified to state "Manufacture/Delivery of a Controlled Substance PG1, To-Wit Cocaine" and the "Statute for Offense" portion of the judgment is modified to state "Section 481.112(b) Health & Safety Code."

We grant counsel's motion to withdraw and, as modified in the respects discussed above, we affirm the trial court's judgments in all three cases.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220806F.U05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ROBERT LEE JOHNSON,
Appellant

No. 05-22-00806-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-2152734-M.
Opinion delivered by Justice
Reichek. Justices Molberg and Smith
participating.

Based on the Court's opinion of this date, we **VACATE** the February 21, 2022 order granting shock probation and the judgment signed on August 11, 2022, leaving in place the original judgment of August 5, 2021 which is **AFFIRMED**.

Judgment entered March 26, 2024



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT LEE JOHNSON,
Appellant

No. 05-22-00807-CR　　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F-2253336-M. Opinion delivered by Justice Reichek. Justices Molberg and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The "Offense for which Defendant Convicted" portion of the judgment is **MODIFIED** to state "Manufacture/Delivery of a Controlled Substance PG1, To-Wit Cocaine" and the "Statute for Offense" portion of the judgment is **MODIFIED** to state "Section 481.112(b) Health & Safety Code."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered March 26, 2024



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROBERT LEE JOHNSON,
Appellant

No. 05-22-00828-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-2055828-M.
Opinion delivered by Justice
Reichek. Justices Molberg and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered March 26, 2024